IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV245

| | |
|---|---|
| PERDUE FARMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| DESIGN BUILD CONTRACTING ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court upon Defendant's Motion to Dismiss, or in the Alternative to Stay and Compel Arbitration.

This lawsuit arose over a construction contract dispute. Plaintiff Perdue entered into a construction contract with the Defendant whereby the Defendant would perform construction at a poultry processing facility owned by the Plaintiff in Concord, North Carolina. Plaintiff alleges that during performance of the contract, Defendant defaulted on its obligation to pay subcontractors. Perdue and the Defendant then entered into an agreement whereby Perdue agreed to pay amounts owed by the Defendant directly to the subcontractors and to charge those amounts against any amounts remaining to be earned by the Defendant through completion of its work on the project. The total payments made by Perdue to the subcontractors exceeded the fixed contract price. Defendant refused to reimburse for the overage, and Plaintiff has sued for breach of contract.

Relying on the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*, the Defendant seeks to have

the court dismiss, or alternatively stay this action pending arbitration. While there is a federal policy favoring arbitration, the FAA does not compel a party to arbitrate a dispute which that party has not agreed to submit to arbitration. See American Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 92 (4th Cir. 1996).

The contract entered into by the parties consists of, *inter alia*, (1) the Standard Form of Agreement Between Owner and Contractor, AIA Document A101-1997, as modified by the parties, and (2) the General Conditions of the Contract for Construction, AIA Document A201-1997, again as modified by the parties. The parties made significant modifications to Articles 4.5 and 4.6 of the General Conditions. These articles address mediation and arbitration. The parties eliminated Article 4.6.1, which contained a broad mandatory arbitration clause. The only provision left by the parties regarding arbitration is Article 4.6.2 which provides in pertinent part: "Claims not resolved by mediation shall be decided by arbitration . . .". Article 4.5.1 makes mediation subject to the mutual agreement of the parties: "Any Claim arising out of or related to the Contract, . . . shall . . . be subject to mediation *if mutually agreed by the parties* as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party." (emphasis added) Thus, the contract reveals that the parties chose not to make arbitration mandatory. Article 4.6.2 provides for arbitration of only those claims not resolved by mediation. The claim herein is not subject to mediation under the contract because mediation occurs only through mutual consent, which did not occur. Because there was no agreement to mediate, and no mediation, there can be no requirement to arbitrate. To require arbitration would require the court to ignore thee plain language of the contract. Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss the Complaint, or in

the Alternative, to Stay and Compel Arbitration is hereby DENIED.

Signed: January 8, 2007

Graham C. Mullen
United States District Judge